IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RICHARD A. KNUTSON, Plaintiff

v.  No. 4:05CV46-EMB

MIKE R. GALSTER, Defendant

O P I N I O N

This matter is presently before the court on plaintiff's Motion for Summary Judgment [33] and defendant's "Counter-Motion" [sic] for Summary Judgment [38]. The parties in the above entitled action have consented to trial and entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. §636(c), with any appeal to the Court of Appeals for the Fifth Circuit.

**Summary Judgment Standard**

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). Where, as here, a case is presented by way of cross-motions for summary judgment, each movant has the burden of producing evidence to support its motion. A movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986). By contrast, a party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir.1995).

Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir.1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). All evidence must be viewed in the light most favorable to the party

opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir.1993). As such, a court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**Facts**

Plaintiff's Complaint[1] alleges that defendant executed and delivered to plaintiff a series of six (6) promissory notes, and that defendant executed a seventh note payable to a corporation which has been assigned to plaintiff. The Complaint further alleges that defendant has made default on all the notes, and plaintiff therefore seeks to recover the unpaid principal, interest which has accrued to date, and attorney's fees.

Defendant's Answer admits execution and delivery of the notes but claims affirmatively that collection on the notes is barred by the doctrines of accord and satisfaction, novation and recission, and that the obligations under the notes have been discharged by two contracts between the parties, Blood Trail Partnership Agreement of December 31, 1998, and Blood Trail Amended Partnership Agreement of February 8, 1999.

The notes at issue are listed as follows:

| Exhibit | Date | Amount | Int. Rate | Due |
|---------|------|--------|-----------|-----|
| Ex. A | 8/21/1998 | $200,000 | 6% | 08/21/2000 |
| Ex. B | 9/15/1998 | 40,000 | 6% | 09/15/2000 |
| Ex. C | 9/28/1998 | 42,500 | 6% | 09/28/2000 |
| Ex. D | 11/11/1998 | 20,000 | 6% | 11/11/2000 |
| Ex. E | 12/21/1998 | 40,500 | 6% | 12/21/2000 |
| Ex. F | 3/24/1999 | 40,000 | 6% | 03/24/2001 |
| Ex. G* | 10/30/1998 | 5,500 | 6% | 10/30/2000 |

*to Delta Swampland, Inc. [assigned to R. Knutson]. [2]

---

[1] Plaintiff's complaint was originally filed in the Circuit Court of Washington County, Mississippi, and removed to this court pursuant to the court's diversity jurisdiction. 28 U.S.C. §1332.

[2] The submissions of the plaintiff did not include an assignment of this note to the plaintiff, but defendant admits its issue, delivery and assignment to plaintiff.

In his brief responding to plaintiff's Motion for Summary Judgment, defendant relies entirely upon the aforementioned partnership agreements to defeat the plaintiff's action on the notes. The two agreements are identical except for a change in <u>one</u> word, and that change is not material to the disposition of the summary judgment motions.[3]

**<u>Analysis</u>**

In view of defendant's acknowledgment that he executed and delivered the notes sued on, the only matter in dispute is the effect of the Blood Trail Agreement on plaintiff's rights under the notes. Defendant asserts that the Agreement relieved him of all obligations on the notes. Plaintiff contends the Agreement pertains solely to the formation of a partnership for the publication and marketing of a book authored by defendant entitled <u>Blood Trail</u>.

It is horn book law, and the law of Mississippi, that clear and unambiguous provisions of a contract must be construed as written. *Exxon Corp. v. Crosby-Mississippi Resources, Ltd..*, 154 F.3d 202 (5th Cir. 1998). The parties are bound by the language of the Agreement if it is unambiguous. *Delta Pride Catfish, Inc. v. Home Insurance Co.*, 697 So.2d 400 (Miss. 1997).

The submissions of the parties include affidavits from the attorney who drafted the Agreement and from the parties themself asserting their opinions regarding the intentions of the parties in the execution of the Agreement. These assertions must give way to the terms of the Agreement.

> The Agreement includes the following recitation:
>
> WHEREAS, Galster and Knutson have mutually agreed to a partnership, now documented in writing, for purposes related to the financing and repayment of the financing of the publishing, promotion and distribution of <u>Blood Trail</u>, for the sharing of profits, and allied undertakings . . . Galster and Knutson (the "Parties") agree to the following:
>
> Section 1. They will use their collective best efforts in order to arrange for financing, publication, promotion, distribution, and sale of The Book in the United States, Canada, and other markets.

Ex. J, p. 1.

---

[3] For the sake of clarity and economy, in the future the Blood Trail Agreements will be referred to as the Agreement.

3

Whatever may have been the intention of the parties, the terms of the Agreement make clear that it is the written record of a partnership agreement formed for the purpose of financing the publication and marketing of the book Blood Trail.

As pointed out by the defendant, Section 3 of the Agreement contains the following:

> It is recognized that Knutson is credited with a 20% Initial Fractional Participation Interest based on $200,000.00 advanced through August 24, 1998, and Additional Fractional Participation Interests of 14.3% based on $143,000 advanced since that time.

Ex. J, pp. 1-2.

Defendant asserts that this provision of the Agreement converted plaintiff's rights under the notes to an interest in the partnership equal to the amounts loaned defendant, thus creating a novation and recission of the notes. This court held in *Lampley v. United States*, 17 F.Supp.2d 609, that "one universally required element of the doctrine [novation] ... is that the parties agree that the formation of a new contract will extinguish all obligations under a previous contract." *Id.*, at p. 617 (citations omitted). There is nothing in the Agreement which provides that defendant's obligations under the notes are thereby extinguished.

To the contrary, Section 7 of the Agreement includes this provision:

> Accordingly, the loans of Knutson and other investors will be repaid from 50% of the aggregate gross revenues from all sources related to the sale of The Books and sale, or licensing of subsidiary rights ....

Ex. J, p. 3.

And, Section 9 of the Agreement includes the following provision:

> The terms and provisions contained in this Agreement constitute the entire agreement between the parties concerning the subject matter hereof.

Clearly, there is absent from the Agreement any provision lending support to defendant's position that the Agreement constitutes a novation of the notes. Accordingly, as there is no dispute that defendant executed and delivered the notes at issue, and because as a matter of law the Agreement provides no defense to plaintiff's claims under the notes, it is the Court's opinion that plaintiff's Motion for Summary Judgment [33] should be granted and defendant's "Counter-motion" [42] should be denied.

The court is unable to determine the amount currently owed on the notes from the amortization schedule attached as Exhibit H to the Complaint. Plaintiff acknowledges that Defendant has repaid $149,000 on the notes, but the amortization schedule does not indicate the date of payments, the notes to which payments were credited, and whether said payments were credited to principal and/or interest. Accordingly, Plaintiff is directed to submit to the court within fifteen ( 15 ) days a sworn statement by a Certified Public Accountant certifying to the amount owed on each note and accrued interest to the date of this order. Defendant shall have ten ( 10 ) days after Plaintiff's submission to file a response.

A separate order in accordance with this opinion shall issue this date.

THIS, the 29th day of March, 2006.

                                            /s/ Eugene M. Bogen
                                            UNITED STATES MAGISTRATE JUDGE